STATE of Arkansas *v.* Clay King SMITH

CR 99-353                                   12 S.W.3d 629

Supreme Court of Arkansas
Opinion delivered January 27, 2000

*Mark Pryor*, Att'y Gen., by: *Todd L. Newton*, Ass't Att'y Gen.,
for petitioner.

No response.

PER CURIAM. On March 18, 1999, judgment was entered reflecting that Clay King Smith had been found guilty by a jury of five counts of capital murder and sentenced to death. Counsel for Mr. Smith lodged a partial record on appeal from the judgment, and we granted a stay of execution on April 15, 1999. Mr. Smith subsequently filed a *pro se* motion to withdraw the appeal and have the matter remanded to the trial court for execution of the death sentence. In an unpublished *per curiam* order entered on July 8, 1999, we remanded the matter to the trial court for a hearing on whether Mr. Smith has the capacity to understand the choice between life and death and to knowingly and intelligently waive his right to appeal his sentence of death. Pursuant to our decision in *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988), the State now submits to this court a transcript of the lower court's proceedings on remand, along with its petition for writ of certiorari, and requests that we review those proceedings and affirm the trial court's finding that Mr. Smith is competent to waive his appeals, including his postconviction remedies under Ark. R. Crim. P. 37.5.

The State filed its petition for writ of certiorari in this case before our decision in *State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999), was handed down on December 2, 1999. We held in *Robbins* that this court has an affirmative duty to review the record in all death-penalty cases for egregious and prejudicial errors. *State v. Robbins, supra.* In so holding, we modified and overruled *Franz* to the extent that it conflicts with the *Robbins* decision. *Id.* However, we noted that "a person sentenced to death may waive his *personal* right to appeal" and that an automatic review of the record by this court "does not interfere with a competent defendant's right to waive his right to appeal." *Id.* at 386, 5 S.W.3d at 55. We concluded that an automatic review of the entire record would be useful when we are evaluating whether a defendant's waiver of his right to appeal was proper under *Franz*. *Id.* Furthermore, we held that such a review of the entire record would enable us to determine (1) whether any errors raised in the trial court are prejudicial to the defendant, in accordance with Ark. Code Ann. § 16-91-113 (a) (1987) and Ark. Sup. Ct. R. 4-3(h); (2) whether any plain errors covered by the exceptions outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), have occurred; and (3) whether other fundamental safeguards were followed. *Id.*

■ Pursuant to our decision in *Robbins v. State, supra*, we conclude that an automatic review is necessary in this case where the death penalty has been imposed and where Mr. Smith has expressed his desire to waive his right to appeal the death sentence. Accordingly, we issue a writ of certiorari directing the Jefferson County Circuit Clerk and the court reporter for the Jefferson County Circuit Court, Second Division, to prepare and file the complete record in this case within ninety days from the date of this order. We also appoint Tammy Harris, 212 Center St., Suite 100, Little Rock, AR 72201, to assist this court in its review of the record as outlined in *State v. Robbins, supra*. Specifically, appointed counsel shall abstract the record pursuant to Ark. S. Ct. R. 4-3(h) and argue any errors prejudicial to Mr. Smith.

Writ of Certiorari issued; appointment of counsel.